## Bickley's Administrator *versus* Biddle *et al.*

A court of equity will not entertain a bill for the specific performance of a contract for the purchase of real estate, sold at an Orphans' Court sale, before confirmation of the sale by the latter court.

The Orphans' Court is a court of equity, and has full jurisdiction over a sale of real estate, made by its order.

An Orphans' Court sale for the payment of debts, is a judicial sale, to which the rule of *caveat emptor* applies; and the purchaser takes the same estate which the decedent had in the land.

APPEAL IN EQUITY from the Court of *Nisi Prius*.

This was a bill in equity by Lloyd W. Bickley, administrator with the will annexed of Lloyd W. Bickley, deceased, against Thomas A. Biddle, Henry J. Biddle, and Alexander Biddle, for the specific performance of a contract for the purchase of real estate.

The bill set forth the title of the complainant's testator to the premises in question; his seisin thereof at the time of his death; an order made for the sale of the same, by the Orphans' Court, for the payment of debts, and the purchase by the defendants for a certain sum, on the 12th April 1859; the readiness of the complainant to execute a proper deed, and to have the sale confirmed; and a refusal of compliance on the part of the defendants, on the ground of an alleged restriction upon the property, the existence

[Bickley's Administrator *v.* Biddle *et al.*]

of which was negatived by the bill; and prayed for a specific performance of the contract of sale.

The answer admitted the title and contract of sale, but averred that the sale was to be free from all encumbrances except a ground-rent of $32 ; and alleged that there was a restriction in regard to building over a portion of the west end of the lot, which, if existing, was admitted to be an encumbrance thereon.

A general replication was put in by the complainants; and the court below, on the hearing, made a decree for specific performance; from which the present appeal was taken by the defendants.

*G. W. Biddle*, for the appellants.

*Eli K. Price*, for the appellee.

The opinion of the court was delivered by

READ, J.—Under an order from the Orphans' Court of Philadelphia county, the administrator of Lloyd W. Bickley sold certain premises on the south side of Walnut street, between Third and Fourth streets, in the city of Philadelphia, to the defendants in this bill in equity. It was a sale for the payment of debts, and of course a judicial sale, made by the administrator, an officer of the court, without power to make any agreement relative to the title to be conveyed, under the decree which he was simply the instrument to carry into effect. The rule of *caveat emptor* applies to such a sale, and the purchaser would take the land subject to any ground-rent upon it, and to any conditions under which it was held by the decedent: Sackett *v.* Twining, 6 *Harris* 199.

The sale has not yet been confirmed by the Orphans' Court, which is a court of equity fully empowered to deal with the whole subject-matter, and having exclusive cognisance of the same. We are asked, however, not by appeal from any decree of the Orphans' Court, but by an independent proceeding in equity, to interfere with what is legitimately the province of another competent tribunal; and we feel ourselves bound, therefore, to decline a jurisdiction, which would directly trench upon the acknowledged powers of another court.

The decree made at Nisi Prius is, therefore, reversed and the bill dismissed.